UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH LEHMAN and
SHEILA JOHNSON,

    Plaintiffs,

v.                                                    Case No. 2:08-cv-530
                                                    Honorable Patrick J. Duggan[*]

LEE COUNTY SHERIFF MIKE SCOTT,
LEE COUNTY DEPUTY BRIAN
PREZPOLEWSKI, LEE COUNTY
DEPUTY GUILLERMO QUINTANA,
LEE COUNTY DEPUTY JAMES RICHARD,
LEE COUNTY DEPUTY LORRIE REAVES, and
THOMAS BULLOCH,

    Defendants.
_____/

## OPINION AND ORDER

On July 3, 2008, Plaintiffs Kenneth Lehman and Sheila Johnson (collectively "Plaintiffs") initiated this action against Defendants alleging violations of their civil rights under 42 U.S.C. § 1983 and state law claims of malicious prosecution, negligence and/or recklessness, and assault and battery. Plaintiffs filed an amended complaint on July 18, 2008. Plaintiffs' lawsuit arises from an incident on June 5, 2006, where an interaction between Plaintiff Kenneth Lehman ("Lehman") and his neighbor, Defendant Thomas Bulloch ("Bulloch"), resulted in Bulloch placing a 911 emergency call. Lee County

---

[*]United States District Court Judge for the Eastern District of Michigan sitting by designation.

1

Sheriff Deputies, Defendants Brian Prezpolewski, Guillermo Quintana, James Richard, and Lorrie Reaves (collectively "Deputy Defendants"), responded to the 911 call and allegedly engaged in a subsequent search of Plaintiffs' home and automobiles. The Deputy Defendants also took Lehman into custody for the purpose of an involuntary mental examination pursuant to Florida's "Baker Act," Fla. Stat. § 394.463(2)(a)(2). Defendant Mike Scott is the Sheriff of Lee County.

Presently before the Court are the following motions:

- Defendants Scott's and Prezpolewski's partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6);

- Defendant Bulloch's partial motion to dismiss pursuant to Rule 12(b)(6); and

- Plaintiffs' motion to strike the Deputy Defendants' and Defendant Scott's answers to the amended complaint and their affirmative defenses.

The motions have been fully briefed and on April 8, 2009, this Court held a motion hearing. At the hearing, counsel for Defendants Scott and Prezpolewski informed the Court that the partial motion to dismiss filed by these defendants is moot.

## I. Standard for a Motion to Dismiss

When reviewing a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all of the allegations in the plaintiff's complaint as true and construe the facts in a light most favorable to the plaintiff. *GJR Invs. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). Pursuant to Federal Rule of Civil Procedure 8(a), the plaintiff need only provide "a short and plain statement of the grounds

upon which the court's jurisdiction depends," "a short and plain statement showing that the pleader is entitled to relief," and "a demand for judgment for the relief the pleader seeks." As the United States Supreme Court has recently provided, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

## II.     Defendant Bulloch's Motion to Dismiss

Defendant Bulloch moves to dismiss those counts of Plaintiffs' amended complaint in which he is named as a defendant: Counts VI, VII, VIII, and IX.

With respect to Count VIII, in which Plaintiffs assert a claim for malicious prosecution, Plaintiffs must demonstrate the following elements:

> "(1) [that] an original criminal or civil judicial proceeding against the present plaintiff was commenced and continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of the proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding."

*Cohen v. Corwin*, 980 So.2d 1153, 1155 (Fla. Dist. Ct. App. 2008) (quoting *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1355 (Fla 1994)).  This Court agrees with Defendant Bulloch that Plaintiffs' malicious prosecution claim fails because no original criminal or civil proceeding was commenced or continued against Lehman.

3

Unlike the situation where an involuntary examination is initiated by a court under Section 394.463(2)(a)(1) of the Baker Act, no civil or criminal proceedings are commenced where an examination is initiated by a law enforcement officer pursuant to Section 394.463(2)(a)(2) of the statute. *See Everett v. Florida Inst. of Tech.*, 503 So.2d 1382, 1383 (Fla. Dist. Ct. App. 1987). Instead, a law enforcement officer believing that a person meets the criteria for involuntary examination simply takes the person into custody, completes a written report detailing the circumstances under which the person was taken into custody, and delivers the person to the nearest receiving facility for examination. Fla. Stat. § 394.463(2)(a)(2). This is what occurred in Lehman's case.

According to Plaintiffs' amended complaint, Defendant Quintana completed a "Law Enforcement Initiating an Involuntary Examination Report." (Pls.' Am. Compl. ¶ 126.) One or more of the Deputy Defendants then transported Lehman to the Ruth Cooper/Vista Center, where he was examined by a psychiatrist and physician. (*Id*. ¶¶ 137, 138.) After approximately twenty-six hours, "[t]he Baker Act was terminated in favor of Lehman" and he was released. (*Id*. ¶ 138.) No proceedings of either a criminal or civil nature were ever instituted. Therefore, the Court concludes that Plaintiffs' malicious prosecution claim must be dismissed.

In Count VI and VII of the amended complaint, Plaintiffs claim that Defendant Bulloch (and Defendant Prezpolewski in Count VII) deprived Lehman of his Constitutional rights in violation of § 1983. To state a viable § 1983 claim, a plaintiff must establish that he or she was "deprived of a right secured by the Constitution or laws

4

of the United States and that the deprivation was committed under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1998)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id*. In certain circumstances, however, the Supreme Court has found the actions of private entities or citizens attributable to the state.

The Court has employed three tests to determine whether state action exists when the alleged misconduct involves a private entity or citizen. The Eleventh Circuit has summarized these tests as follows:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise.

*Focus on the Family*, 344 F.3d at 1277 (quoting *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993)) (internal quotation marks and citation omitted). Plaintiffs do not allege in their amended complaint and the facts alleged therein do not support a finding that Defendant Bulloch was performing a public function when he allegedly violated Lehman's constitutional rights or that the state actors coerced or significantly

5

encouraged Defendant Bulloch to take any action to violate Lehman's rights. Plaintiffs assert, however, that Defendant Bulloch was acting as a "co-conspirator of the deputies." (*See, e.g.*, Pls. Am. Compl. ¶ 196 (capitalization removed).)

Pursuant to Eleventh Circuit precedent, however, "more than mere conclusory notice pleading is required" in civil rights and conspiracy actions.[1] *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Id*. at 557 (citations omitted). The plaintiff must allege facts showing "that the parties 'reached an understanding' to deny the plaintiff his or her rights." *NAACP v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S. Ct. 1598, 1605 (1970)); *see also Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (holding that a plaintiff pleading a conspiracy must allege "facts tending to show agreement and concerted action") (quotation marks and citation omitted).

Construing Plaintiffs' amended complaint liberally and taking all of their allegations as true, at most Plaintiffs allege that Defendant Bulloch called 911 and

---

[1] Some courts have questioned the Eleventh Circuit's authority to apply "heightened" pleading standards in § 1983 and conspiracy cases. *See, e.g., Ross v. State of Alabama*, 15 F. Supp. 2d 1173, 1191 n. 10 (M.D. Ala. 1998); *North Jackson Pharmacy, Inc. v. Express Scripts, Inc.*, 345 F. Supp. 2d 1279, 1287 (N.D. Ala. 2004). Nevertheless, the Eleventh Circuit has adhered to this requirement. Moreover, the Supreme Court's recent decision in *Twombly* should lay to rest any criticism or doubt regarding the validity of the Circuit's heightened pleading standard. *See supra* at 3.

furnished information to the 911 operator and subsequently to the Deputy Defendants when they arrived on the scene. It is well established, however, that a private citizen does not engage in joint action with a state actor simply by calling upon official state authority or furnishing information to police officers (even if that information is factually incorrect). *See, e.g., Sarmiento v. Texas Bd. of Veterinary Med. Examiners*, 939 F.2d 1242, 1246 n.5 (5th Cir. 1991); *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985); *Benavidez v Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983); *Arnold v. IBM*, 637 F.2d 1350, 1357-78 (9th Cir. 1981); *Lloyd v. Card*, 283 Fed. App'x. 696, 700 (11th Cir. 2008) (unpublished op.); *Dye v. Radcliffe*, 174 Fed. App'x 480, 482-83 & n.1 (11th Cir. 2006) (unpublished op.) (citing cases); *Arline v. City of Jacksonville*, 359 F. Supp. 2d 1300, 1312 (M.D. Fla. 2005) ("merely alerting the authorities and providing information that may lead to an arrest is not sufficient to convert a private person's actions into public action"). The Court therefore finds Plaintiffs' allegations insufficient to aver that Defendant Bulloch acted under color of state law because of joint activity with the Defendant Deputies. As such, the Court dismisses Plaintiffs' § 1983 claims against Defendant Bulloch (Counts VI and VII).

In Count IX of the amended complaint, Plaintiffs allege that the Deputy Defendants and Defendant Bulloch engaged in negligence and/or reckless conduct. This action is premised upon the Deputy Defendants allegedly unlawful seizure of Plaintiffs and search of Plaintiffs' home and automobiles. (Pls.' Am. Compl. ¶¶ 211-216.) Plaintiffs allege that the Deputy Defendants' conduct was "initiated by" Defendant

7

Bulloch. (*Id*. ¶ 215.)

With respect to Plaintiffs' seizure, the Florida Supreme Court has limited when a private citizen can be held liable in tort when his or her actions lead police officers to arrest another citizen:

> We hold that under Florida law a private citizen may not be held liable in tort where he neither actually detained another nor instigated the other's arrest by law enforcement officers. If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim's arrest does not make him liable when he did not in fact request any detention.

*Pokorny v. First Fed. Sav. & Loan Ass'n of Largo*, 382 So.2d 678, 682 (Fla. 1980) (citations omitted). The *Pokorny* Court further noted that the "Florida courts have never recognized a separate tort for 'negligently' swearing out a warrant for arrest." *Id*. at 683. Instead, the Court held that "[s]uch cases may be brought only in the form of civil suits for malicious prosecution." *Id*. For the reasons discussed earlier, Plaintiffs cannot establish the elements of a malicious prosecution claim.

To the extent Plaintiffs' negligence claim is based on the Deputy Defendants' search of their property, none of their allegations suggest that Defendant Bulloch instigated the search in any way or that he participated in the search.

For the above reasons, the Court concludes that Plaintiffs fail to state a negligence and/or reckless conduct claim against Defendant Bulloch upon which relief may be granted.

**III.    Plaintiffs' Motion to Strike Defendants' Answers to the Amended Complaint**

**and to Deny All Affirmative Defenses**

Plaintiffs move pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike the Deputy Defendants' and Defendant Scott's answers to the amended complaint and their asserted affirmative defenses.[2] Plaintiffs take issue with the answers because, aside from admitting that Lehman was taken into custody on June 5, 2006 for the purposes of an involuntary examination pursuant to the Baker Act, these defendants provide a general denial of all of the remaining allegations in Plaintiffs' amended complaint.

Pursuant to Rule 12(f): "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the Court is sensitive to the task required of Defendants to respond to Plaintiffs' *pro se* 220 paragraph amended complaint, it is not sufficient for them to assert a general denial to the complaint unless they "intend[] in good faith to deny all the allegations of [the] pleading– including the jurisdictional grounds . . ." Fed. R. Civ. P. 8(b)(3). Rule 8 of the Federal Rules of Civil Procedure provides that "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all expect those specifically admitted." *Id*.

At the motion hearing, the Court indicated that it is granting Plaintiffs' motion to

---

[2]Defendant Richards filed an answer to the amended complaint which contained affirmative defenses on July 30, 2008. (Doc. 22.) Defendants Scott, Prezpolewski, Quintana, and Reaves filed an identical answer to the amended complaint and affirmative defenses on August 13, 2008. (Doc. 33.)

9

strike as the Deputy Defendants and Defendant Scott could not have intended to deny all of Plaintiffs' allegations, including Plaintiffs' assertion that this Court has subject matter jurisdiction and that venue is proper. The Court ordered the Deputy Defendants and Defendant Scott to file an amended answer and affirmative defenses in compliance with Rule 8 of the Federal Rules of Civil Procedure within ten days of the hearing. On April 13, 2009, Defendants complied with the Court's order by filing an Amended Answer and Affirmative Defenses to Amended Complaint (Doc. 80).

## IV. Summary

Defendants Scott's and Prezpolewski's partial motion to dismiss is moot. As indicated at the motion hearing, the Court grants Plaintiffs' motion to strike.

With respect to Defendant Bulloch's partial motion to dismiss, the Court holds that Plaintiffs' claim of malicious prosecution fails to state a claim upon which relief may be granted. The Court therefore dismisses Count VIII of Plaintiffs' amended complaint. The Court further concludes that Plaintiffs fail to allege sufficient facts to establish that Defendant Bulloch's allegedly wrongful conduct was under color of state law. As such, their § 1983 claim in Count VI is dismissed and their § 1983 claim in Count VII, to the extent it is asserted against Defendant Bulloch, is dismissed.[3] Because the Court concludes that Plaintiffs also fail to state a viable cause of action against Defendant

---

[3] Plaintiffs also assert Count VII against Defendant Prezpolewski; therefore, the claim is not dismissed entirely. Count VI, however, is asserted only against Defendant Bulloch.

Bulloch in their negligence and/or reckless conduct claim (Count IX)[4]– their only other claim against him– the Court dismisses Defendant Bulloch from this lawsuit.

Accordingly,

**IT IS ORDERED**, that Defendants Scott's and Prezpolewski's motion to dismiss is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED**, that Defendant Bulloch's motion to dismiss is **GRANTED**. Count VI of the amended complaint is **DISMISSED** and Defendant Bulloch is **DISMISSED** as a party to this lawsuit.

**IT IS FURTHER ORDERED**, that Plaintiffs' motion to strike the Deputy Defendants' and Defendant Scott's answers to the amended complaint and to deny all affirmative defenses is **GRANTED**.

DATE: May 4, 2009              s:/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
Kenneth Lehman and Sheila Johnson
27386 Dortch Avenue
Bonita Springs, FL 34135

Robert C. Shearman, Esq.

Benjamin Bruce Brown, Esq.

---

[4]Plaintiffs also assert their negligence and/or reckless conduct claim (Count IX) against the Deputy Defendants, who have not moved to dismiss the claim at this time. Therefore, the Court only is dismissing Count IX to the extent it is asserted against Defendant Bulloch.

11